IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

CASE NO. 21-CR-00185-WJM

UNITED STATES OF AMERICA,

  Plaintiff,

v.

**LINDA JAIRL,**

  **Defendant.**

---

**UNOPPOSED MOTION FOR EVALUATION OF
COMPETENCY PURSUANT TO 18 U.S.C. § 4241(b)**

---

  Linda Jairl, through Laura H. Suelau, Assistant Federal Public Defender, moves this Court to order that Ms. Jairl be evaluated to determine whether she is mentally competent to proceed, as that term is defined in 18 U.S.C. § 4241. Ms. Jairl requests the Court order the evaluation be conducted outpatient by licensed clinical psychologist Dr. Jackie Grimmett, PsyD. The government, through SAUSA Sonia Dave, does not oppose this motion, including the requests that Dr. Grimmett be the competency evaluator and that the evaluation be conducted outpatient. In support thereof, counsel for Ms. Jairl states:

**I. Statement of relevant facts.**

  On June 8, 2021, the government filed a 52 count Indictment against Ms. Jairl. Doc. 1. The Indictment alleges Ms. Jairl committed violations of 18 U.S.C. § 641, theft of government property. Ms. Jairl has been on pretrial release since June 28, 2021. Doc. 6. As outlined in her Motions to Exclude Time from the Speedy Trial Clock, Ms. Jairl has presented with some memory loss and signs and symptoms of dementia since July 2021. *See* Doc. 16. Since that time, Ms. Jairl's condition has continued

to decline.

On April 3, 2022, Ms. Jairl was admitted to Parkview Medical Center after suffering a stroke in her home. She was later transferred to the Memory Care Unit at Rock Canyon Rehabilitation Center. Ms. Jairl's attending physician at Rock Canyon opined that Ms. Jairl was "incapable of making informed decisions" about her medical condition and finances. Doc. 33. In July 2022, Ms. Jairl's daughter, Maria Armijo, was appointed as guardian and conservator by Pueblo County District Court Judge Tim O'Shea. Ms. Armijo's conservatorship concerns Ms. Jairl's inability to "manage property and business affairs." A guardian is "an individual at least twenty-one years of age, resident or non-resident, who has qualified as a guardian of a minor or incapacitated person pursuant to appointment by a parent or by the court." Colo. Rev. Stat. Ann. § 15-14-102(4). "Incapacitated person," means "an individual other than a minor, who is unable to effectively receive or evaluate information or both or make or communicate decisions to such an extent that the individual lacks the ability to satisfy essential requirements for physical health, safety, or self-care." *Id.* at (5). Ms. Jairl is presently residing at Brookdale Assisted Living in Pueblo, Colorado. She has been diagnosed with Dementia and Brookdale provides "protective oversight" services and medication management consistent with that diagnosis.

Since her initial appearance in 2021, counsel and her investigator, Jessica Leto, have met with Ms. Jairl in person and over the phone on numerous occasions. Counsel has also spoken at length about Ms. Jairl's conditions with Ms. Jairl's former neighbor, Tammy Hammer, Ms. Armijo, and staff at Brookdale Assisted Living. Based on her observations of Ms. Jairl and those conversations, counsel developed reason to believe that Ms. Jairl is presently suffering from a mental disease or defect that render her unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense.

Counsel contacted Dr. Grimett who is located in Colorado Springs, Colorado. Dr. Grimmett confirmed that she is both qualified to conduct an evaluation consistent with 18 U.S.C. § 4241 and

2

available to travel to meet with Ms. Jail at her assisted living home in Pueblo, Colorado. Counsel and the government agree that the deadlines provided by § 4247(b) are triggered only in the event that Ms. Jairl is committed to be examined are do not apply in the event of a non-custodial evaluation. Dr. Grimmett has confirmed that she is available to evaluate Ms. Jairl on January 19, 2023, pending this Court's ruling on the instant Motion.

**II. The Court should order a competency evaluation at this time.**

The Constitution prohibits the trial of a defendant who lacks mental competency. *Indiana v. Edwards*, 554 U.S. 164, 170 (2008). The Court may order a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering [her] mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against [her] or to assist properly in [her] defense." 18 U.S.C. § 4241(a). The test for competency to stand trial asks whether a defendant "has sufficient present ability to consult with [her] lawyer with a reasonable degree of rational understanding—and whether [she] has a rational as well as factual understanding of the proceedings against [her]." *United States v. Mackovich*, 209 F.3d 1227, 1232 (10th Cir. 2000) (quotations omitted); *see also Drope v. Missouri*, 420 U.S. 162, 171 (1975) ("It has long been accepted that a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial."); *United States v. Deshazer*, 554 F.3d 1281, 1286 (10th Cir. 2009). Before holding a competency hearing, a "court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c)." 18 U.S.C. § 4241(b).

Here, there is "reasonable cause to believe" that Ms. Jairl is presently "suffering from a mental disease or defect rendering [her] mentally incompetent to the extent that [she] is unable to understand

the nature and consequences of the proceedings against [her] or to assist properly in [her] defense." 18 U.S.C. § 4241(a). Based on that cause, this court may (and should) order that a psychiatric or psychological examination be conducted. 18 U.S.C. § 4241(b). Due to the nature of Ms. Jairl's suspected disease or defect, a psychological examination is appropriate. 18 U.S.C. § 4247(b) provides that a psychological examination ordered pursuant to § 4241 "shall be conducted by a licensed or certified psychiatrist or psychologist." Dr. Grimmett is such a psychologist. *See* Ex. A, Jackie Grimmett CV. Therefore, this court should order Dr. Grimmett conduct an examination pursuant to 18 U.S.C. § 4241 and 4247.[1]

### III. This court should order the psychological examination of Ms. Jairl be conducted outpatient by Dr. Jackie Grimmett.

Although "the court *may* commit" a defendant for the psychiatric or psychological examination for a period not to exceed thirty days, such commitment is not necessary and is tempered by the directive that the examination take place in a "suitable facility." 18 U.S.C. § 4247(a)(2) defines a "suitable facility" as "a facility that is suitable to provide care or treatment given the nature of the offense and the characteristics of the defendant." 18 U.S.C. 4247(b) also provides the examination "shall be conducted in the suitable facility closest to the court." The Bureau of Prison has no such facility for females in the state of Colorado, nor any neighboring states. In this case, Dr. Grimmett has been made aware of Ms. Jairl's conditions, including her diagnosis of dementia, and confirmed that she is able to provide a suitable evaluation. Dr. Grimmett is available to travel from Colorado Springs to Pueblo January 2023.

---

[1] Examinations conducted pursuant to 18 U.S.C. § 4241 are considered "non-defense" and paid for by the Department of Justice. *See* Guide to Judiciary Policy, Vol. 7, Ch. 3. §§ 320.20.20 and 320.20.60 "Source of Payment," https://www.uscourts.gov/rules-policies/judiciary-policies/cja-guidelines/chapter-3-ss-320-authorization-investigative-expert#a3 (last accessed Nov. 29, 2022) ("In these situations, the court or the government selects the expert and persons other than the defendant also have access to the expert's report. The Department of Justice (DOJ) generally pays for these "non-defense" services.").

An inpatient commitment is not appropriate in this case. Before the court orders a custodial commitment pursuant to 18 U.S.C. 4241(b), the government must offer evidence establishing "the presence of compelling governmental interests" requiring the examination be conducted in custody rather than outpatient. *United States v. Deters,* 143 F.3d 577, 584 (10th Cir. 1998) (finding confinement appropriate where a defendant living in California under transient and unstable living conditions was seeking to be evaluated in California for a case pending in the District of Kansas); *See In re Newchurch,* 807 F.2d 404, 409 (5th Cir. 1986)( "a district court should not exact such a deprivation of liberty" unless there is "some evidence that commitment is necessary."). Thereafter, this court "should make findings of fact concerning the need for commitment and the appropriateness of confinement." *Id.* Here, the government asserts no government interest in Ms. Jairl's confinement and has no objection to Ms. Jairl being examined outpatient by Dr. Grimmett. Nor is there evidence that commitment is necessary. Ms. Jairl has been out of custody since June 2021. She is presently residing in an assisted living facility and does not have access to a car or the independent ability to travel.

It is also unlikely that the appropriate examination would occur in the 30 (or 45) day time limitations set out in § 4247 were Ms. Jairl ordered committed to the Bureau of Prisons (via the Attorney General). In the District of Colorado pre-COVID, the evaluation process for cases where the defendant was sent outside the District took longer than a local evaluation and involved a great deal of travel.[2] In light of the COVID-19 pandemic, and the unique medical needs of Ms. Jairl, that

---

[2] For example, in *United States v. Henry Soto*, 16-CR-00138-CMA, the Court ordered an evaluation on May 9, 2016. The defendant was then transported to Oklahoma City – a standard routing point – on his way to a medical facility in San Diego, California. By the time Mr. Soto arrived in San Diego on June 16, the facility no longer had the capacity to do his evaluation. He was then routed through Oklahoma City again, and this time sent to Springfield, Missouri, where he finally arrived on July 21, 2016. Given the statute's presumption that transportation will only take 10 days, this led to a contested speedy trial motion. *See* Gov't Response to Def. Mot. to Dismiss for Viol'n of his Right to a Speedy Trial, *United States v. Henry Soto*, 16-CR-00138-CMA, Doc. 44 (Oct. 17, 2016).

evaluation would likely take even longer. A recent Ninth Circuit case attests to the current BOP backlog for such evaluations. The defendant in the District of Oregon was committed to the Attorney General for evaluation in November 2021 but remained in Oregon for four months awaiting bed space before he was informed "he would likely have to wait another four months – until July 2022 – before a bed would become available." *United States v. Donnelly,* 41 F.4th 1102 (9th Cir. 2022). Therefore, an outpatient evaluation is appropriate in this case.

**IV.  This court should vacate the current trial date and accompanying deadlines.**

Any period of delay resulting from "any examinations, to determine the mental competency . . . of the defendant" are excluded from computation of time by which trial must commence under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(A). Ms. Jairl is set to proceed to trial on December 27, 2022. The deadline for pretrial motions is November 29, 2022. Pretrial motions cannot be filed and not trial can proceed until this Court determines Ms. Jairl's competency.

**V.  Conclusion**

As discussed above, there is reason to believe that Ms. Jairl may be incompetent. Therefore, it is requested that the court order he be evaluated for competency. Additionally, this court should order that the evaluation be conducted outpatient by Dr. Jackie Grimmett. This court should further order Dr. Grimmett to submit a written evaluation pursuant to 18 U.S.C. §§ 4241(b) and 4247(b) and (c). Finally, this court should order the payment of the total cost of Dr. Grimmett's services, including allowable travel expenses, without further order of the Court, as are reasonable for this examination.

Ms. Jairl and the government request that all presently set trial-related dates and deadlines be vacated pending Dr. Grimmett's evaluation and any subsequent proceedings or orders related to the instant motion.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Laura H. Suelau
LAURA H. SUELAU
Assistant Federal Public Defender
633 Seventeenth Street, Suite 1000
Denver, Colorado 80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
laura_suelau@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on November 29, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Sonia Dave, Special Assistant United States Attorney
    sonia.dave@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Ms. Linda Jairl (U.S. Mail)

                                          s/ Laura H. Suelau
                                          LAURA H. SUELAU
                                          Assistant Federal Public Defender
                                          633 Seventeenth Street, Suite 1000
                                          Denver, Colorado 80202
                                          Telephone: (303) 294-7002
                                          FAX: (303) 294-1192
                                          laura_suelau@fd.org
                                          Attorney for Defendant